(March 20, 1992)

■ In the Matter of JOSEPH C. CRISTIANO, JR., Respondent, v

OTSEGO COUNTY BOARD OF ELECTIONS et al., Appellants.—Per Curiam. Appeal from an order of the Supreme Court (Ingraham, J.), entered January 28, 1992 in Otsego County, which partially granted petitioner's application, in a proceeding pursuant to Election Law § 16-106, to open and canvass certain absentee ballots cast at the November 5, 1991 general election for the office of Highway Superintendent of the Town of Decatur.

Petitioner and respondent Ernest Blanchard (hereinafter respondent) were both candidates for the office of Highway Superintendent of the Town of Decatur in Otsego County in the November 5, 1991 general election. After the election, challenges were made to certain unopened absentee ballots. Respondent Otsego County Board of Elections sustained challenges to 13 of these ballots and they were not opened. The remaining ballots were opened and the total number of votes for each candidate was tallied with respondent receiving 124 votes and petitioner receiving 115 votes.

Petitioner then commenced this proceeding seeking to compel the Board of Elections to canvass the absentee ballots it had refused to open. Supreme Court ordered the Board of Elections to conduct a hearing to further investigate the remaining unopened ballots, after which the Board of Elections sustained 10 of the challenges and denied three. Those three ballots were opened and were counted in petitioner's favor, thus raising his total to 118. These ballots are no longer at issue. After oral argument Supreme Court reversed the Board of Elections' decision with respect to eight of the 10 absentee ballots still at issue and ordered that they be opened. Both the Board of Elections and respondent have appealed the court's order, which has been stayed pending this appeal.

We affirm. Seven of the eight ballots in question concern whether the voter was physically handicapped, while the last ballot concerns whether the voter was absent from the area on the day of the election. Election Law § 8-400 (3) (c) provides that, on an application for an absentee ballot, the voter must, *inter alia,* make a "statement, as appropriate, that on the day of such election the applicant *expects in good faith* to be * * * (i) unavoidably absent from the county of his residence * * * or * * * (iii) ill or physically disabled" (emphasis supplied).

Dealing first with the absentee ballots where the voters claimed a physical handicap, the Board of Elections rejected them because on the day of the election each of these voters was seen out and about and that either they lacked a doctor's

certificate or the certificate was insufficient. The question, however, is not the voter's physical capabilities on the day of the election, but rather the voter's expectations at the time of applying for an absentee ballot. As the statute says, the voter must expect "in good faith" (Election Law § 8-400 [3] [c]) that he or she will not be physically capable of voting on election day. Instead of looking at the voters' abilities on election day, the Board of Elections should have concerned itself with the voters' capabilities at the time of application. Furthermore, the question is not whether a voter was actually disabled but whether the application was made in good faith that the voter would be disabled. It should also be noted that the statute does not require a medical certificate (see, Election Law § 8-400 [3] [c] [iii]). Insofar as there was no showing of any lack of good faith on the part of any of the voters claiming physical handicaps, the Board of Elections erred in rejecting their ballots.

The same result obtains for the ballot in which the voter stated that she would not be in the area because of her studies. Although the Board of Elections rejected her ballot because she was not absent on election day, its inquiry instead should have been whether the voter had a good-faith belief that she would be absent. Therefore, because no showing was made that this voter did not have a good-faith belief, her ballot was also improperly rejected by the Board of Elections.

We have considered the parties' remaining arguments, including petitioner's claims concerning Supreme Court's findings as to one of the two ballots in which it upheld the Board's decision, and reject them as lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.