■ In the Matter of RICHARD J. SHERWOOD, Appellant, v ALBANY COUNTY BOARD OF ELECTIONS et al., Respondents. [696 NYS2d 287] —Per Curiam. Appeal from an order of the Supreme Court (Teresi, J.), entered October 6, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law §§ 16-106 and 16-112, to invalidate certain unopened absentee ballots from the September 14, 1999 Conservative Party primary for the public office of Town Justice in the Town of Guilderland.

Petitioner and respondent Kenneth E. Riddett are candidates seeking the Conservative Party nomination for the office of Town Justice in the Town of Guilderland in Albany County.

While this proceeding was initially commenced by petitioner to prevent 12 absentee ballots voted at the primary election from being opened and canvassed, the parties stipulated on the return date that seven of the disputed ballots were validly cast and could be opened and canvassed. As to the remaining five absentee ballots in dispute, it was further stipulated that they were applied for in good faith and in the belief that the voters were intending or believed that they would be outside Albany County on primary election day, but that the voters were within the County on the day of the primary during the voting hours of 12:00 noon to 9:00 P.M.

It is petitioner's contention that the NY Constitution and the Election Law require that an absentee voter actually be absent from the county where the voter resides on the day of the election for the voter's absentee ballot to be validly cast and canvassed. Supreme Court disagreed with petitioner and directed respondent Albany County Board of Elections to open and count the remaining five ballots. Petitioner has taken this appeal.*

We affirm the order of Supreme Court. We find nothing in the NY Constitution, the Election Law or case law which requires the actual absence by the voter during the time that the polls are open for an otherwise proper absentee ballot to be validly cast and canvassed. NY Constitution, article II, § 2 permits the Legislature to provide for a mechanism by which voters who "*may* be absent from the county of their residence" (emphasis supplied) to vote. The Legislature accepted that invitation and passed legislation allowing for absentee voting (Election Law, art 8, tit 4). More specifically, Election Law § 8-400 (1) (a) allows voters who will be "unavoidably absent" from their county of residence on the day of an election to vote as an absentee voter. Election Law § 8-400 (3) (c) requires an applicant for an absentee ballot to state that on the day of the election the applicant "expects in good faith to be * * * (i) unavoidably absent from the county of his residence". Finally, Election Law § 7-122 (8) requires an absentee voter to sign an oath on the envelope containing the ballot stating that the voter will be unable to personally appear on the day of the election for the reason given and that such declaration "is a true statement to the best of my knowledge and belief". We do not read any of these provisions as invalidating an otherwise proper absentee ballot merely because the voter was actually

---

* According to petitioner's brief, with all of the votes counted except for the five absentee ballots at issue herein, petitioner currently holds a one-vote lead over Riddett.

within his or her county of residence during the hours of an election.

The decision in *Matter of Cristiano v Otsego County Bd. of Elections* (181 AD2d 941, *lv denied* 80 NY2d 751) strongly supports our holding in this case. In *Cristiano* (*supra*), the absentee voting provision at issue involved an applicant's anticipated physical disability on the day of the election (Election Law § 8-400 [3] [c] [iii]) rather than an anticipated absence from the county, as we have in the instant case. When the absentee ballot in *Cristiano* was challenged upon discovering that the voter no longer had the disability on the day of the election and could have gone to the polls to vote, we said as follows: "The question, however, is not the voter's physical capabilities on the day of the election, but rather the voter's expectations at the time of applying for an absentee ballot. As the statute says, the voter must expect 'in good faith' (Election Law § 8-400 [3] [c]) that he or she will not be physically capable of voting on election day. Instead of looking at the voters' abilities on election day, the Board of Elections should have concerned itself with the voters' capabilities at the time of the application. Furthermore, the question is not whether a voter was actually disabled but whether the application was made in good faith that the voter would be disabled" (*Matter of Cristiano v Otsego County Bd. of Elections, supra*, at 943). We see no reason to adopt a different standard in this case dealing with voters seeking to vote by absentee ballot because of a good-faith belief that they would not be within their county of residence on the day of the election. Since it was stipulated that all of the voters in issue had a good-faith belief that they would be outside Albany County on the day of the primary election, Supreme Court properly directed the Board of Elections to open and canvass the five remaining absentee ballots.

Mikoll, J. P., Crew III, Yesawich Jr., Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.